BAUGHMAN & TURNER, INC., a Nevada Corporation, Appellant, v. DWIGHT JORY, Individually and in His Capacity as a General Partner of LA MESA ASSOCIATES, LTD., a Nevada Limited Partnership, Respondent.

No. 17031

December 18, 1986                    729 P.2d 488

*Lionel, Sawyer & Collins* and *Evan J. Wallach,* Las Vegas, for Appellant.

*Darrell Lincoln Clark,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Baughman & Turner, Inc. ("Baughman") appeals from the district court's order granting Dwight Jory's motion for summary judgment. Baughman provided civil engineering services for the development of two condominium projects. Jory is vice-president of the construction company which was the general contractor for those two condominium projects. Each condominium project was owned by a separate limited partnership. In its complaint, Baughman alleged that Jory was liable as an actual partner of only one of the limited partnerships, La Mesa Associates, Ltd.

("La Mesa"). Later, in response to Jory's motion for summary judgment, Baughman asserted that Jory was a partner by estoppel of both limited partnerships, La Mesa and Willowtree Associates, Ltd.

Jory impliedly consented to trial of the issue of partnership by estoppel pursuant to NRCP 15(b).[1] Baughman expressly raised the theory of Jory's liability as a partner by estoppel of both limited partnerships in its opposition to Jory's motion for summary judgment. Jory did not object in a responding brief or at the summary judgment hearing that this theory of recovery was not alleged in the complaint.

After summary judgment was granted, the parties agreed to a "statement of the case as the record on appeal" pursuant to NRAP 10(e).[2] In this statement, Jory agreed that the matter of "[Baughman's] claim against [Jory] based upon the doctrine of partner by estoppel codified by N.R.S. 87.160" was an issue at the hearing on the motion. Pursuant to this agreed-upon statement of the case, Jory acknowledges that the partnership by estoppel theory was directly placed before the district court in a meaningful, understandable way and that he did not object to such theory as a matter before the district court.

In opposition to Jory's motion for summary judgment, Baughman submitted an affidavit and plat maps which, when construed most favorably to Baughman, support a finding that a genuine issue of fact exists as to whether Jory is a partner by estoppel.

Accordingly, the district court's order granting Jory's motion for summary judgment is reversed.

---

[1] NRCP 15(b) provides:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues.

[2] NRAP 10(e) provides that:

> In lieu of the record on appeal as defined in subdivision (a) of this rule, the parties may prepare and sign a statement of the case showing how the issues presented by the appeal arose and were decided in the district court and setting forth only so many of the facts averred and proved or sought to be proved as are essential to a decision of the issues presented.